USDC SDNY
DOCUMENT
ELECTRONICALLY
DOC
DATE FILED: MAR 19 2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
CARMEN GOTTLIEB,

      Petitioner,

 -against-

DEPARTMENT OF LABOR,

      Respondent.
------------------------------------x

MEMORANDUM DECISION
AND ORDER

17 Civ. 7622 (GBD) (GWG)

GEORGE B. DANIELS, United States District Judge:

  Petitioner Carmen Gottlieb brings this action against Respondent United States Department of Labor (the "DOL" or "Agency"), alleging disability discrimination—namely, failure to provide a reasonable accommodation for her disability, retaliation, and disparate treatment—under Section 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 791, and relevant provisions of the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Act Amendments Act of 2008 (collectively, the "ADA"), 42 U.S.C. §§ 12101–12213. (*See* Compl., ECF No. 12.) Respondent moves to dismiss the complaint in part for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Notice of Mot. to Dismiss, ECF No. 19; Mem. of Law in Supp. of Resp'ts' Mot. to Dismiss the Compl. in Part & to Amend the Caption ("Resp'ts' Mem."), ECF No. 20, at 1–2.) Further, Respondent moves to amend the caption should its motion to dismiss be granted. (Resp'ts' Mem. at 2.)

  Before this court is Magistrate Judge Gabriel W. Gorenstein's February 5, 2020 Report and Recommendation (the "Report"), recommending that Respondent's motion to dismiss be granted and that the caption be amended to replace the United State Department of Labor with R.

Alexander Acosta, in his official capacity as Secretary of Labor.[1] (Report, ECF No. 37, at 19.) Magistrate Judge Gorenstein advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.*) No objections have been filed. Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report in full.

## I. FACTUAL BACKGROUND

On September 25, 2011, the DOL hired Petitioner as a Wage and Hour Technician in Westbury, New York. (Compl. ¶ 26.) Although Petitioner worked in Westbury, New York, her husband and children lived in the Charlotte, North Carolina area. (*Id.* ¶ 30.) She "thus endured an almost weekly commute of several hundred miles." (*Id.*) However, Petitioner alleges that over the course of her employment, the weekly commute and the work environment at the Agency strained her relationships with her husband and children, and damaged "her physical well-being and health." (*Id.*) Sometime in August 2013, Petitioner claims that she "faced anxiety and other medical issues" and "informed the Agency of those issues." (*Id.* ¶ 31.) In response, the Agency allegedly started engaging Petitioner in discussions about relocating to North Carolina. (*Id.*) In October 2013, Petitioner asserts that the Agency informed her that a performance improvement plan ("PIP") was being prepared for her. (*Id.* ¶ 32.)

According to Petitioner, in February 2014, her then doctor, Dr. A. Lawrence Rubin, diagnosed her with "major depression, and furnished a note to the Agency stating that she would benefit from being able to return home to her family in North Carolina." (*Id.* ¶ 33.) Subsequently, Petitioner took Family Medical Leave from February through April 2014 based on her doctor's recommendation, (*id.*), and "informed the Agency of her need to obtain a reasonable

---

[1] The relevant factual and procedural background is set forth in greater detail in the Report and is incorporated by reference herein.

2

accommodation, (*id.* ¶ 36). For instance, Petitioner contends that in response to her request for a medical hardship transfer from the Long Island District Office to either the Raleigh District Office or the Charlotte Area Office, the Agency informed her that there were no vacancies in either office, and that her request was "beyond the control of management." (*Id.*) However, Petitioner allegedly "identified vacant positions for which she was qualified throughout North Carolina." (*Id.* ¶ 37.)

Petitioner asserts that when she returned to Charlotte, North Carolina, she was treated by Dr. Mary Christenbury for "major depression." (*Id.* ¶ 34.) Dr. Christenbury informed the Agency by letter dated March 12, 2014 that she "could not return to work as of that date." (*Id.*) Nevertheless, Petitioner returned to work in Westbury, New York in April 2014 "[a]fter the Agency denied [Petitioner]'s initial transfer requests to Agency positions in North Carolina." (*Id.* ¶ 38.) The Agency placed Petitioner on PIP beginning in May 2014 during which Petitioner was allegedly subjected to "hostile work conditions." (*Id.*) Soon after, in August 2014, Petitioner claims that she stopped reporting to work "for her own personal health and safety." (*Id.* ¶ 41.) Subsequently, she was placed on unpaid leave. (*Id.*)

### A. Petitioner's 2014 and 2015 EEO Complaints.

On September 12, 2014, Petitioner wrote a letter to the DOL's Equal Employment Opportunity ("EEO") office requesting that the DOL provide her with a reasonable accommodation and attached Dr. Christenbury's letter confirming her diagnosis. (*Id.* ¶ 46.) Petitioner filed a formal "disability" complaint with the DOL's Civil Rights Center on October 24, 2014 (the "2014 EEO Complaint"). (*See* Decl. of Tomoko Onozawa ("Onozawa Decl."), Ex. 1 (Formal Compl. of Discrimination), ECF No. 21-1.) On November 6, 2014, the DOL stated that it "is prepared to explore reassignment to a funded vacant position for which [she is] qualified and for which [her] functional limitations can be accommodated." (Compl. ¶ 49.) Petitioner asserts

3

that she participated in an "interactive conference" with the Agency and a union representative on November 18, 2014, and the next day, she submitted her resume and a Reassignment Preference Form to the Agency. (*Id.* ¶¶ 50–52.)

The DOL formally denied Petitioner's September 12, 2014 accommodation request on February 26, 2015. (*Id.* ¶ 59.) Petitioner then wrote a letter to District Director of the Long Island District Office of DOL's Wage and Hour Division, Irv Miljoner, on March 24, 2015, requesting review of the DOL's denial of the proposed accommodation. (*Id.* ¶ 61.) Yet, District Director Miljoner upheld the denial on April 22, 2015 and informed Petitioner of her right to file an EEO complaint. (*Id.* ¶ 64.) In response to District Director Miljoner's letter, Petitioner filed an informal complaint of discrimination dated June 6, 2015 with the Agency. (*Id.* ¶ 84; *see also* Onozawa Decl., Ex. 3 (Informal Compl. of Discrimination), ECF No. 21-3, at EEO_0120.) On July 13, 2015, Petitioner filed a second formal EEO complaint (the "2015 EEO Complaint"), stating in her transmittal letter that, as compared to her first complaint, "this new complaint deals entirely with a different ADA claim as well as a different disability." (Compl. ¶ 86; *see also* Onozawa Decl., Ex. 3 (July 13, 2015 Transmittal Letter and Formal Compl. of Discrimination), ECF No. 21-3, at EEO_0117–19.)

On August 17, 2015, Petitioner was removed from her position by the DOL's Deputy Regional Administrator. (Compl. ¶ 66.) Petitioner allegedly "wrote at least [12] letters to the Agency EEO requesting an administrative law judge and independent review or disposition of her claims." (*Id.* ¶ 87.) However, Petitioner purportedly has not received any decision on her 2015 EEO Complaint from the Agency. (*Id.* ¶ 88.)

4

### B. Petitioner's MSPB Complaint.

Petitioner filed an appeal—alleging unlawful discrimination on the basis of her disability and retaliation—with the United States Merit Systems Protection Board (the "MSPB") on March 20, 2015 (the "MSPB Complaint"). (*Id.* ¶ 68; *see also* Onozawa Decl., Ex. 6 (MSPB Compl.), ECF No. 21-6.) On April 13, 2015, the MSPB issued an order to show cause, indicating that it might not have jurisdiction over Petitioner's claim since it was a reassignment action, instead of a constructive suspension. (Compl. ¶ 69.)

After the MSPB issued its October 22, 2015 initial decision, holding that it lacked jurisdiction over Petitioner's claim because it is in fact a reassignment action, (*id.* ¶ 71; *see also* Onozawa Decl., Ex. 7 (Decision), ECF No. 21-7), Petitioner filed a Petition For Review on January 28, 2016, (Compl. ¶ 72). On June 29, 2016, the MSPB issued a final decision, reaffirming its initial decision that it lacked jurisdiction over Petitioner's reassignment action. (*Id.* ¶ 73; *see also* Onozawa Decl., Ex. 8 (Final Order), ECF No. 21-8.)

### C. Petitioner's Appeal to the Federal Circuit.

Petitioner timely appealed the MSPB's final decision to the United States Court of Appeals for the Federal Circuit on August 26, 2016. (Compl. ¶ 76; *see also* Onozawa Decl., Ex. 9 (Pet. For Review), ECF No. 21-9.) After Petitioner's appeal was fully briefed, the Supreme Court "overturned the governing Federal Circuit jurisdictional rule in *Perry v. Merit Systems Protection Board*, 137 S.Ct. 1975 (2017), which held that appeals from MSPB denials of jurisdiction in 'mixed cases' should be appealed to the appropriate [d]istrict [c]ourt, rather than to the Federal Circuit." (Compl. ¶ 77.) Relying upon *Perry*, Petitioner filed an unopposed motion to transfer her appeal to this Court. (*Id.* ¶ 79.)

5

## II. LEGAL STANDARD

### A. Reports and Recommendations.

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* The court, however, need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Rather, it is sufficient that the court "arrive at its own, independent conclusion" regarding those portions of the report to which objections are made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted).

### B. Rule 12(b)(6) Failure to State a Claim.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must demonstrate "more than a sheer possibility that a defendant has acted unlawfully"; stating a facially plausible claim requires the plaintiff to plead facts that enable the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The factual allegations pled must therefore "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

A district court must first review a plaintiff's complaint to identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. The court then considers whether the plaintiff's remaining well-pleaded factual allegations, assumed to be true, "plausibly give rise to an entitlement to relief." *Id.*; *see also*

6

*Targum v. Citrin Cooperman & Co., LLP*, No. 12 Civ. 6909 (SAS), 2013 WL 6087400, at *3 (S.D.N.Y. Nov. 19, 2013). In deciding the 12(b)(6) motion, the court must also draw all reasonable inferences in the non-moving party's favor. *See N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, 709 F.3d 109, 119–20 (2d Cir. 2013).

### III. PETITIONER'S MSPB CLAIMS ARE DISMISSED

Magistrate Judge Gorenstein appropriately found that dismissal of Petitioner's claims arising out of her MSPB proceedings is warranted because both the 2014 EEO Complaint and the MSPB Complaint relate to the same matter. Under the Civil Service Reform Act ("CSRA"), 5 U.S.C. § 1101 *et seq.*, a federal employee challenging serious personnel actions—including, *inter alia*, a removal from employment or a reduction in grade or pay—has a right to appeal the agency's decision to the MSPB. *See* §§ 1204, 7512, 7701. Moreover, "[w]hen an employee complains of a personnel action serious enough to appeal to the MSPB *and* alleges that the action was based on discrimination, she is said (by pertinent regulation) to have brought a 'mixed case.'" *Kloeckner v. Solis*, 568 U.S. 41, 44 (2012) (emphasis added). "[T]he CSRA provides diverse procedural routes for an employee's pursuit of a mixed case." *Perry v. MSPB*, 137 S. Ct. 1975, 1980 (2017).

Indeed, a federal employee bringing a mixed case may proceed along different routes. An employee may first file a mixed case complaint with her agency's EEO office. *See* 5 U.S.C. § 7702(a); 29 C.F.R. § 1614.302(a). If the agency's EEO office "decides against her, the employee may then either take the matter to the MSPB or bypass further administrative review by suing the agency in district court." *Kloeckner*, 568 U.S. at 45 (citing 5 C.F.R. § 1201.154(b); 29 C.F.R. § 1614.302(d)(1)(i)). Instead, "the employee may initiate the process by bringing her case directly to the MSPB, forgoing the agency's own system for evaluating discrimination charges." *Kloeckner*, 568 U.S. at 45 (citing 5 C.F.R. § 1201.154(a); 29 C.F.R. § 1614.302(b)). The employee

"may initially file a mixed case complaint with [the EEO office] . . . or an appeal on the same matter with the MSPB . . . but not both." 29 C.F.R. § 1614.302(b). Indeed, "Section 1614.107(d) emphasizes the exclusive nature of an initial filing with the MSPB or EEO[,]" and as Section 1614.302(b) explains, such "binding 'election' between the MSPB and EEO remedies occurs as soon as a formal petition is filed in either forum." *Economou v. Caldera*, 286 F.3d 144, 149 (2d Cir. 2002) (citation omitted). Moreover, the Second Circuit has explained that it "will not bend the plain language of the regulations to allow parties to browse at will through multiple administrative remedies in search of a more favorable outcome." *Id.* at 150.

Here, as noted in the Report, whether this Court shall dismiss Petitioner's MSPB claims "turns on the question of whether [Petitioner] filed a formal EEO complaint on the same 'matter' before filing her formal MSPB complaint." (Report at 12.) "If so, this would mean that [Petitioner] 'elected' to pursue a remedy via the EEO process, was bound to exhaust her claims in that forum, and a district court could review only those claims." (*Id.*) In interpreting the term "matter," this Court has noted that "[e]very court that has considered the issue has concluded that the word 'matter' in 5 U.S.C. § 7121 and 29 C.F.R. § 1614.301 refers to the *conduct* underlying a plaintiff's claim, as opposed to the *legal allegations* in the claim." *Wright v. Snow*, No. 02 Civ. 7615 (TPG), 2004 WL 1907687, at *5 (S.D.N.Y. Aug. 25, 2004) (emphasis in original) (collecting cases). Further, "[t]he term 'matter' may also have a temporal component, as some courts have noted, where the matter concerns an employer's action with 'effects' over an extended period of time, or separate actions, 'on a different day,' by 'a different decisionmaker.'" *Guerra v. Cuomo*, 176 F.3d 547, 550 (1999) (internal citations omitted).

Magistrate Judge Gorenstein properly determined that "both the 2014 EEO complaint and the MSPB complaint complain about the agency's denial of [Petitioner]'s reasonable

8

accommodation request: to be transferred from New York to North Carolina." (Report at 15.) Specifically, both the 2014 EEO Complaint and the MSPB Complaint: (1) temporally fall within the same time frame; (2) allege claims of discrimination based on her disability—that is, major depression; and (3) concern the same underlying incidents—including "[Petitioner]'s multiple requests, denials, and other actions seeking a reasonable accommodation to be transferred to North Carolina because of her depression." (*See id.* at 15–16.) Moreover, Magistrate Judge Gorenstein correctly refuted the arguments raised in Petitioner's opposition to the Agency's motion to dismiss. (*See id.* at 15–18.) For instance, Petitioner claims that the 2014 EEO Complaint pertains to a different matter than her MSPB complaint. (Pet'r Carmen Gottlieb's Opp'n to Resp'ts' Mot. to Dismiss the Compl. in Part (Pet'r's Opp'n), ECF No. 27, at 6.) Nevertheless, as noted above, both the 2014 EEO Complaint and the MSPB Complaint essentially stem from the same nucleus of facts concerning the Agency's failure to offer Petitioner a reasonable accommodation for major depression despite her multiple requests. Petitioner's assertion is therefore misplaced. Accordingly, Magistrate Judge Gorenstein appropriately found that both the 2014 Complaint and the MSPB Complaint concern the same matter.

## IV. THE CAPTION SHALL BE AMENDED

Magistrate Judge Gorenstein appropriately found that the caption should be amended to replace the United States Department of Labor with R. Alexander Acosta, in his official capacity as Secretary of Labor.[2]

## V. CONCLUSION

Magistrate Judge Gorenstein's Report is ADOPTED. Respondent's motion to dismiss, (ECF No. 19), is GRANTED. The caption shall be amended to replace the United States

---

[2] Indeed, in her opposition brief, Petitioner states that she "does not oppose the [Respondent]'s proposed amendment to the caption." (Pet'r's Opp'n at 9.)

9

Department of Labor with R. Alexander Acosta, in his official capacity as Secretary of Labor. The Clerk of Court is directed to close the motion accordingly.

Dated: New York, New York
      MAR 13 2020

SO ORDERED.

*[signature]*
GEORGE B. DANIELS
United States District Judge