UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CARMEN GOTTLIEB,

                        Plaintiff,

         v.                                          17 Civ. 7622 (GBD)

MILTON AL STEWART, in his official capacity as
Acting Secretary of Labor,

                        Defendant.
------------------------------------------------------------x

## PRIVACY ACT ORDER AND PROTECTIVE ORDER

Pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, the Court enters this Privacy Act Order and Protective Order, upon the joint request of plaintiff Carmen Gottlieb ("Plaintiff") and defendant Milton Al Stewart, in his official capacity as Acting Secretary of Labor ("Defendant"), for the purposes of facilitating the disclosure of information that otherwise would be prohibited from disclosure under the Privacy Act of 1974, 5 U.S.C. § 552a (the "Privacy Act"), and assuring the confidentiality of information that may be disclosed by the parties in the course of discovery proceedings. The Court, having found that good cause exists for entry of this Privacy Act Order and Protective Order, HEREBY ORDERS:

    1.     Pursuant to 5 U.S.C. § 552a(b)(11), this Order authorizes Defendant to produce information that otherwise would be prohibited from disclosure under the Privacy Act without presenting Privacy Act objections to this Court for a decision regarding disclosure. To the extent the Privacy Act allows the disclosure of information pursuant to a court order, this Order constitutes such a court order and authorizes the disclosure of that information. However, nothing in this paragraph shall require production of information that is prohibited from

disclosure (even with the entry of this Order) by other applicable privileges, statutes, regulations, or authorities. The terms of this Order shall govern the safeguarding of such information by all individuals referenced herein.

2. As used in this order, "Protected Health Information" constitutes health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

3. As used in this Order, the term "Protected Information" constitutes any and all documents or records, and information contained therein, that contain any confidential, proprietary, personal, or similar information, including, but not limited to, Protected Health Information, individual financial and tax information, privileged law enforcement information, and information protected from disclosure by the Privacy Act.

4. Information that the parties deem Protected Information shall be designated as such as stamping the phrase "Subject to Protective Order" on any document or record containing Protected Information prior to the production of such document or record.

5. Any party who contests the designation of a document or record as Protected Information shall provide the producing party written notice of it challenge. If the parties cannot resolve this dispute, they shall follow the Federal Rules of Civil Procedure, the Local Civil Rules for the United States District Courts for the Southern and Eastern Districts of New York, the individual practices of the Court, and/or any court orders for addressing discovery disputes. Failure to challenge a designation or redaction immediately does not waive a party's ability to bring a later challenge.

6. Except as provided in this Order, all Protected Information produced or exchanged pursuant to this Order shall be used solely for the purposes of this action and for no other purpose whatsoever, and shall not be published to the general public in any form, or otherwise disclosed, disseminated, or transmitted to any person, entity, or organization, except in accordance with the terms of this Order.

7. Any document, record, or information designated as Protected Information may be disclosed only to the following Qualified Persons:

    i. Defendant, attorneys for Defendant, and any support staff or other employees of Defendant who are assisting in the defense of this action;

    ii. Plaintiff, attorneys for Plaintiff and any support staff or other employees of those attorneys' law firm, any support staff or other employees of the Plaintiff, or other attorneys of record of Plaintiff who are assisting in the maintenance of this action;

    iii. Witnesses who are or may be deposed in this action, to the extent the witnesses' testimony may relate to documents designated as Protected Information;

    iv. Experts or consultants retained or consulted for this action by counsel to a party, and any support staff or other employees for such experts or consultants who are assisting in the expert's work for this action;

    v. Court reporters or stenographers engaged to record deposition testimony, and their employees who are assisting in the preparation of transcripts of such deposition testimony;

    vi. The Court and its support personnel; and

    vii. Such other persons as hereafter may be authorized by the Court upon motion of any party.

8. A copy of this Order shall be delivered to each Qualified Person to whom a disclosure of Protected Information is made, at or before the time of disclosure, by the party making the disclosure or by its counsel. The provisions of this Order shall be binding upon each such person to whom disclosure is made.

9. All Qualified Persons, including the parties and their respective counsel, to whom Protected Information is disclosed, are hereby prohibited from disclosing information designated as Protected Information to any unauthorized person, except as provided in this Order.

10. Any deposition questions intended to elicit testimony regarding Protected Information shall be conducted only in the presence of persons authorized to review the Protected Information. Any party intending to designate a portion of the transcript as "Subject to Protective Order" shall state this intention by either indicating on the record during the deposition that a question calls for Protected Information, or by notifying the reporter and all counsel of record, in writing, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated as Subject to Protective Order within 30 days after a deposition has concluded. Counsel for the opposing or third party shall have the right to lodge objections to any such designation on the record or in writing, and to seek appropriate relief from the Court to the extent the opposing or third party deems such relief necessary.

11. The parties shall abide by Sections I.D(i), (ii), and (iii) of the Court's Individual Rules and Practices with respect to the filing of documents under seal or filing of redacted documents on the public docket.

12. Any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that

redacts only the Protected Information itself, and not text that in no material way reveals the Protected Information.

13. Nothing in this Order shall preclude any disclosure of Protected Information to any judge, magistrate, or employee of the Court for purposes of this action.

14. Nothing contained in this Order shall be construed to prejudice any party's right to use in open court any Protected Information, provided that reasonable notice of the potential disclosure of the Protected Information shall be given to the producing party so that the producing party may move to seal the document, or otherwise seek to prevent the disclosure or dissemination of the Protected Information, in advance of its use in open court.

15. If counsel for any party is required by law or court order to disclose, disseminate, or transmit Protected Information produced under this Order to any person or entity not identified herein as a Qualified Person, the name of that person or entity and the reason access is required shall be provided to the producing party no less than 14 days prior to disclosure, dissemination, or transmittal so as to provide the producing party sufficient time to object and seek a protective order as necessary. There shall be no disclosure after an objection has been made until the objection has been resolved unless disclosure, dissemination, or transmission is required sooner by law or court order. If Protected Information produced under this Order is required by law or court order to be disclosed to a person or entity not identified herein as a Qualified Person, the person or entity receiving the Protected Information shall, before receiving the Protected Information, be provided with a copy of this Order and shall acknowledge their agreement to comply with this Order by signing a copy of the attached acknowledgement form. A copy of each such acknowledgement form must be provided promptly after its execution to counsel of record for the producing party.

16. Within thirty days after the final disposition of this action, including any and all appeals, all Protected Information and copies thereof in the possession of any Qualified Persons shall be returned to the producing parties or destroyed, except that counsel are not required to secure the return or destruction of Protected Information submitted to the court. If the Protected Information is destroyed, the party that has destroyed the Protected Information shall certify in writing to the producing party that the Protected Information in its possession has been destroyed.

17. If at any time prior to the trial of this action, or before the entry of this order, a party inadvertently fails to designate material as Protected Information at the time of production, this shall not in itself be deemed a waiver of any claim of confidentiality as to that Protected Information. The producing party may correct its failure to designate an item as Protected Information by taking reasonable steps to notify all receiving persons of its failure, and by promptly supplying all receiving persons with new copies of any documents bearing corrected designations or by agreeing that the previously produced information shall be treated as Protected Information. Within five business days of receiving copies of any documents bearing corrected designations pursuant to this paragraph, the receiving persons shall return or destroy the improperly designated materials, and certify in writing to the producing party that such materials have been returned or destroyed. This paragraph shall apply to Protected Information that was produced prior to the entry of this Order and that is reproduced and redesignated as "Subject to Protective Order."

18. This Order does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable, and does not constitute

any ruling on any potential objection to the discoverability, relevance, or admissibility of any document or information.

19.  Nothing in this Order shall be construed as a waiver of any defense, right, objection, or claim by any party, including any objection to the production of documents and any claim of privilege or other protection from disclosure.

20.  Nothing in this Order shall affect the right of any party to seek additional protection against the disclosure of any documents or materials, or of the parties to seek additional disclosures.

21.  Nothing in this Order shall prevent the disclosure of Protected Information to governmental authorities for purposes of enforcement of criminal laws or in furtherance of civil enforcement or regulatory proceedings.

22.  Nothing in this Order shall prevent any disclosure of Protected Information by the party or entity that designated the information as such.

23.  The terms of this Order shall survive the termination of this action for purposes of enforcing this Order.

24.  This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED TO BY:

Dated: Washington, D.C.  
       March 22, 2021

STEPTOE & JOHNSON LLP

By: _____  
CHRISTOPHER A. SUAREZ, ESQ.  
1330 Connecticut Avenue, NW  
Washington, DC 20036  
Telephone: (202) 429-8131  
Facsimile: (202) 429-3902

*Attorneys for Plaintiff*

Dated: New York, New York  
       March 22, 2021

AUDREY STRAUSS  
United States Attorney for the  
Southern District of New York

By: _____  
TOMOKO ONOZAWA  
Assistant U.S. Attorney  
86 Chambers Street, Third Floor  
New York, New York 10007  
Telephone: (212) 637-2721  
Facsimile:  (212) 637-2717

*Counsel for Defendant*

SO ORDERED.   MAR 2 3 2021

_____  
HONORABLE GEORGE B. DANIELS  
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CARMEN GOTTLIEB,

                Plaintiff,

    v.

                                        17 Civ. 7622 (GBD)

MILTON AL STEWART, in his official capacity as
Acting Secretary of Labor,

                Defendant.

------------------------------------------------------------x

## ACKNOWLEDGMENT

I have read and I understand the Privacy Act Order and Protective Order entered by the Court in the case *Gottlieb v. Stewart*, 17 Civ. 7622 (GBD), and I agree to be bound by its terms.

Date: _____

Name (printed): _____

Signature: _____